IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD B. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 14-cv-1678 |
| ) | |
| v. ) | District Judge David S. Cercone |
| ) | |
| PENNSYLVANIA DEPARTMENT OF ) | Magistrate Judge Cynthia Reed Eddy |
| CORRECTIONS; SUPERINTENDENT ) | |
| JOHN C. THOMAS; and SERGEANT ) | |
| KYLE BOOK, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is recommended that this prisoner civil rights action be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania.

**II.   REPORT**

**A.   Background**

Howard B. Wright ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield"), in Huntingdon, Pennsylvania. Plaintiff has submitted for filing a civil rights complaint; however, the complaint was not accompanied by either payment of the filing fee or a Motion for Leave to proceed in forma pauperis.

Plaintiff's claims all arise from an incident which occurred on May 29, 2013, while he was housed at SCI-Chester, which is located within the territorial limits of the United States District Court for Eastern District of Pennsylvania ("Eastern District").[1]

---

[1] SCI-Chester is located in Chester, Pennsylvania, which is located within Chester County. Chester County is located within the territorial confines of the United States District Court for

1

**B.    Venue**

As the United States Court of Appeals for the Third Circuit has observed, "[s]ection 1983 contains no special venue provision. Therefore, the general venue provisions of 28 U.S.C. § 1391 apply." *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 462 (3d Cir.1996) (citation omitted). In relevant part, § 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district located;  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The complaint indicates that the two individual Defendants are apparently employed at or work at SCI–Chester, which is located in the Eastern District. This supports the inference that Defendants reside in the Eastern District. In addition, it appears that not only a "substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District but all of the events or omissions occurred in the Eastern District. As such, it appears that venue is properly laid in the Eastern District.

A District Court is granted discretion to *sua sponte* transfer cases by 28 U.S.C. § 1404(a),which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Anderson v. Zobaytne*, 2013 WL 2404163 (W.D. Pa. 2013 (*citing* Robinson *v. Town of Madison,* 752 F. Supp. 842, 846 (N.D.Ill.1990)) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or

---

the Eastern District of Pennsylvania, 28 U.S.C. § 118(b) (setting forth which counties of Pennsylvania are located in which federal districts).

2

consent of the parties to the litigation.").

Thus, the Court is presented with the question of whether transfer to the Eastern District is "for the convenience of the parties and witnesses [and] in the interest of justice." In performing this analysis, courts may rely upon traditional venue considerations.

In ruling on § 1404(a) motions, courts have considered a host of factors that flesh out the considerations enunciated in the statute (convenience of parties, convenience of witnesses, and the interest of justice). The analysis is flexible and must be made on the unique facts of each case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249–50, (1981). In *Gulf Oil v. Gilbert,* 330 U.S. 501 (1946), the United States Supreme Court listed two sets of factors that should be considered in deciding a transfer request. The *Gulf Oil* factors fall into two broad categories. One category is factors relating to the private interests of the parties to the litigation, including: the plaintiff's choice of forum, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, obstacles to a fair trial and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508. The other category consists of factors involving the public interests in administration of the courts and adjudication of cases, including: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home, and familiarity of the forum court with the applicable law. *See id*. at 508–09.

In this case, the Complaint clearly states that the events which give rise to the Complaint occurred at SCI-Chester, which is located in the Eastern District of Pennsylvania. Plaintiff is confined at SCI-Huntingdon, which is located in the Middle District of Pennsylvania. Thus, Plaintiff's case has no connection whatsoever with the Western District of Pennsylvania and venue in the Western District of Pennsylvania is not proper.

Having given due consideration to all of the above factors, it is the Court's recommendation Plaintiff's case be transferred to the United States District Court for the Eastern District of Pennsylvania, since this is the more convenient forum regarding Plaintiff's claims, pursuant to 28 U.S.C. § 1404(a). [2]

### III. Conclusion

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Local Rule 72, Plaintiff is permitted to file written objections to this Report and Recommendation within fourteen (14) days after date of service. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

It is also recommended that a ruling on Plaintiff's in forma pauperis motion be deferred to the transferee court.

/s Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge

Dated: December 23, 2014

CC: HOWARD B. WRIGHT
FP-5050
SCI Smithfield
PO Box 999
1120 Pike Street
Huntingdon, PA 16655

---

[2] To the extent that a transfer on grounds of venue requires notice to Plaintiff and an opportunity to be heard, the issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard.